Filed 11/22/21  P. v. Berry CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHAWN EARL BERRY,<br><br>    Defendant and Appellant. | 2d Crim. No. B307146<br>(Super. Ct. No. KA064692)<br>(Los Angeles County) |

Appellant Shawn Earl Berry was convicted of first degree murder in 2005.  (Pen. Code, §§ 187, subd. (a), 189.)[1]  The jury found true a special circumstance allegation that the murder had been committed while appellant was engaged in the commission of robbery.  (§ 190.2, subds. (a)(17)(A), (d).)  In 2019 appellant filed a petition to vacate his murder conviction and obtain resentencing pursuant to section 1170.95, which was added to the Penal Code by Senate Bill No. 1437 (S.B. 1437).  (Stats. 2018, ch. 1015, § 4.)  The trial court summarily denied the petition because

---

[1] All statutory references are to the Penal Code.

he had failed to make a prima facie showing that he could not be convicted of murder under current law.  Appellant appeals the order denying the petition.  We conclude that, as a matter of law, the true finding on the special circumstance allegation rendered him ineligible for relief under section 1170.95.  Accordingly, we affirm.

*Procedural Background*

In addition to being convicted of first degree murder, appellant was convicted of conspiracy to commit robbery, (§§ 182, subd. (a)(1), 211), two counts of second degree robbery (§§ 211, 212.5), two counts of assault with a deadly weapon upon a peace officer (§ 245, subd. (c)), and one count of attempting to elude a pursuing peace officer (Veh. Code, § 2800.2, subd. (a)).  Appellant was sentenced to prison for a determinate term of seven years, eight months, plus an indeterminate term of life without the possibility of parole.  In a 2006 opinion, *People v. Berry et al.* (Oct. 19, 2006, B183555) [nonpub. opn.] (*Berry*), we struck a parole revocation fine and affirmed the judgment as modified.

In support of his 2019 petition for resentencing, appellant declared under penalty of perjury:  (1) he was convicted of first degree murder under the felony-murder rule or the natural and probable consequences doctrine; (2) he could not currently be convicted of murder because of changes made by S.B. 1437; (3) he was not the actual killer; (4) he "did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder;" and (5) he "was not a major participant in the felony **or** [he] did not act with reckless indifference to human life."

Without issuing an order to show cause, the trial court denied appellant's petition because he "is not entitled to relief as

2

a matter of law." The court explained that the special circumstance allegation "required the prosecution to show that [appellant], as a non-shooter, had the intent to kill or acted with reckless indifference to human life while acting as a major participant in the robbery."

*Facts*

The following summary of the facts is taken from our unpublished 2006 opinion, *Berry*, *supra*, slip opin. at pp. 2-3:

Three persons were involved in the commission of the robbery – appellant, James Durbin, and George Berry. Appellant and Durbin entered a store and "looked around." Appellant made a purchase. They exited the store, but about 10 minutes later George Berry and Durbin entered the store wearing masks. Appellant "stood outside . . . as a lookout." "'[T]he victims [inside the store] were thrown to the floor, kicked, handcuffed, threatened with a knife and revolver, and [they] screamed.'" "'Brandishing a large bowie knife, Durbin kicked and handcuffed the store owner, Shu-Ying Chen. George Berry pointed a revolver at Chen's husband, . . . ordered him to the front of the store and pushed him down. [Husband] tried to remove his fanny pack and pled, "I'll give you money, I'll give you money."'" "'George Berry fired three shots, killing [husband].'"

A witness "saw a . . . man pace back and forth in front of the store doorway during the robbery. The man peered into the doorway twice . . . and fit [appellant's] description . . . ."

*S.B. 1437*

"Under the felony-murder rule as it existed prior to Senate Bill 1437, a defendant who intended to commit a specified felony could be convicted of murder for a killing during the felony, or attempted felony, without further examination of his or her

3

mental state. [Citation.] . . . [¶] Independent of the felony-murder rule, the natural and probable consequences doctrine rendered a defendant liable for murder if he or she aided and abetted the commission of a criminal act (a target offense), and a principal in the target offense committed murder (a nontarget offense) that, even if unintended, was a natural and probable consequence of the target offense. [Citation.]" (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 247-248.)

In S.B. 1437 the Legislature declared, "It is necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To achieve this goal, S.B. 1437 amended section 189, insofar as it pertains to the felony-murder rule, to add subdivision (e), which provides: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [e.g., robbery] in which a death occurs is liable for murder only if one of the following is proven: (1) The person was the actual killer. (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.) S.B. 1437 also amended section 188 to add subdivision (a)(3), which bars conviction for murder under the natural and probable

4

consequences doctrine. (*People v. Gentile* (2020) 10 Cal.5th 830, 851.)

Section 1170.95, added by S.B. 1437, gives retroactive effect to the changes in sections 188 and 189. It provides, "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when" certain conditions apply. (§ 1170.95, subd. (a).) One of the conditions is that "[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made [by S.B. 1437] effective January 1, 2019." (*Id.*, subd. (a)(3).) The petition must include a declaration by the petitioner showing that he is eligible for the relief afforded by section 1170.95. (*Id.*, subd. (b)(1)(A).)

"The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of [section 1170.95]. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c), italics added.) "Within 60 days after the order to show cause has issued, the court shall hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner . . . ." (*Id.*, subd. (d)(1).)

### *The True Finding on the Special Circumstance*
### *Allegation Rendered Appellant Ineligible for Relief*

According to the special circumstance allegation, appellant committed the murder while "engaged in the commission of the crime of Robbery, within the meaning of Penal Code section

190.2(a)(17)." The jury was instructed, "'[Y]ou cannot find the special circumstance to be true . . . unless you are satisfied beyond a reasonable doubt that [appellant] *with the intent to kill* aided, abetted, counseled, commanded, induced, solicited, requested, or assisted any actor in the commission of the murder in the first degree, or *with reckless indifference to human life and as a major participant*, aided, abetted, counseled, commanded, induced, solicited, requested or assisted in the commission of the crime of robbery . . . .'" (*Berry*, *supra*, slip opn. at p. 12, fn. 7, italics added.)

The language of this instruction is almost identical to the felony-murder language of section 189, subdivision (e), as added by S.B. 1437. Therefore, in view of the jury's true finding on the special circumstance allegation, it follows that appellant cannot make a prima facie showing of the following criterion for relief under section 1170.95: "The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made [by S.B. 1437]." (*Id.*, subd. (a)(3).) Based on the instruction, the jury must have found either that appellant acted with the intent to kill or with reckless indifference to human life and as a major participant. The same finding by a jury today would render him liable for first degree murder under the felony-murder rule as amended by S.B. 1437. (See § 189, subd. (e).)

Nevertheless, appellant argues that he is entitled to relief under section 1170.95 because his conviction preceded the California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*), and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). "*Banks and Clark* did not create a new rule of law, but rather 'clarified' the already-existing meaning of the phrases 'major participant' and 'reckless indifference to human life' for

6

purposes of special circumstance allegations under section 190.2, subdivision (d)." (*People v. Jones* (2020) 56 Cal.App.5th 474, 482, review granted Jan. 27, 2021, S265854 (*Jones*).)  In *Banks* the Supreme Court concluded:  "Reckless indifference to human life 'requires the defendant be "*subjectively* aware that his or her participation in the felony involved a grave risk of death."'" (*Banks*, *supra*, at p. 807.)  In determining whether the defendant was a major participant, the Supreme Court said that "the ultimate question" is "whether the defendant's participation 'in criminal activities known to carry a grave risk of death' [citation] was sufficiently significant to be considered 'major' [citations]." (*Id*. at p. 803.)  In *Clark* the Supreme Court set forth factors to be considered in deciding whether the defendant was a major participant and acted with reckless indifference to human life. (*Clark*, *supra*, at pp. 611, 618-623.)

Appellant contends: "Because no court or jury has ever found that appellant acted with reckless indifference to human life as a major participant as those terms are understood today [pursuant to *Banks* and *Clark*], his special circumstance true finding does not show as a matter of law that he is ineligible for relief under the new law.  Hence, there is nothing in the record that contradicts or rebuts as a matter of law the *prima facie* showing of eligibility for resentencing in appellant's petition.  The superior court's summary denial of the petition without issuing an order to show cause therefore contravened the terms of the new law."  "All that matters for cases like this one is that a pre-*Banks* and *Clark* felony murder special circumstance true finding is not necessarily identical to the same finding after *Banks* and *Clark*."

7

"Our appellate courts have recently split over whether . . . a pre-*Banks / Clark* special circumstance finding renders a petitioner ineligible for relief under section 1170.95 as a matter of law.[2]  (Compare *People v. Gomez* (2020) 52 Cal.App.5th 1, . . . [review granted Oct. 14, 2020, S264033] (*Gomez*), *People v. Galvan* (2020) 52 Cal.App.5th 1134 . . . review granted Oct. 14, 2020, S264284 (*Galvan*), and *People v. Allison* (2020) 55 Cal.App.5th 449 . . . [review denied Dec. 23, 2020, S265450] (*Allison*) [concluding the special circumstance finding renders a petitioner ineligible for relief as a matter of law], with [cases reaching the opposite conclusion:] *People v. Torres* (2020) 46 Cal.App.5th 1168, . . . review granted June 24, 2020, S262011 . . . , *People v. Smith* (2020) 49 Cal.App.5th 85 . . . review granted July 22, 2020, S262835 . . . , and *People v. York* (2020) 54 Cal.App.5th 250 . . . [review granted Nov. 18, 2020, S264954] . . . .)  As we will explain, we agree with the *Gomez*/*Galvan*[/*Allison*] line of decisions and hold that a petitioner with a pre-*Banks / Clark* finding is ineligible for relief under section 1170.95 as a matter of law."  (*Jones*, *supra*, 56 Cal.App.5th at pp. 478-479.)

---

[2] The issue is pending before our Supreme Court in *People v. Strong* (Dec. 18, 2020, No. C091162) 2020 WL 7417057, review granted Mar. 10, 2021, S266606.  According to the Supreme Court's website, "This case presents the following issue: Does a felony-murder special circumstance finding (Pen. Code, § 190.2, subd. (a)(17)) made before *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 preclude a defendant from making a prima facie showing of eligibility for relief under Penal Code section 1170.95?" <http://www.courts. ca.gov/documents/SEP1721crimpend.pdf> [as of Sept. 22, 2021], archived at <http://perma.cc/Z2ME-T7VW>.

"We analyze the issue by turning to the language of section 1170.95 itself: In order to be eligible for resentencing, a defendant must show that he or she 'could not be convicted of first or second degree murder because of changes to Section[s] 188 or 189 made effective' as part of Senate Bill No. 1437. (§ 1170.95, subd. (a)(3).) [¶] In this case, that requirement is not met. Although [appellant] is asserting that he could not now be convicted of murder, the alleged inability to obtain such a conviction is not 'because of changes' made by Senate Bill No. 1437, but because of the clarification of the requirements for the special circumstance finding in *Banks* and *Clark*. Nothing about those requirements changed as a result of Senate Bill No. 1437. Just as was the case before that law went into effect, the special circumstance applies to defendants who were major participants in an underlying felony and acted with reckless indifference to human life. If [appellant] is entitled to relief based on *Banks* and *Clark*, the avenue for such relief is not section 1170.95, but a petition for writ of habeas corpus." (*Galvan, supra,* 52 Cal.App.5th at p. 1142; accord, *Gomez, supra,* 52 Cal.App.5th at p. 17 ["the proper procedure for [petitioner] to challenge her special circumstance findings based on clarification of the relevant law in *Banks* and *Clark* is to bring a petition for habeas corpus, in which she would bear the burden of showing the findings must be vacated on the ground there is insufficient evidence to support them"]; see also *In re Scoggins* (2020) 9 Cal.5th 667, 676 [petitioner convicted of special circumstance murder prior to *Banks/Clark* is entitled to habeas corpus relief if his conduct did not fall within the scope of the special circumstance statute as clarified by *Banks/Clark*].)

"Courts which have held that a pre-*Banks* and *Clark* felony-murder special-circumstance finding bars section 1170.95

resentencing relief have [also] . . . note[d] that our Supreme Court does not require juries to be instructed on the *Banks* and *Clark* [factors]. . . . Thus, these courts found 'no basis to conclude as a general matter that a pre-*Banks* and *Clark* jury was instructed differently than a post-*Banks* and *Clark* jury, or resolved different factual issues, answered different questions, or applied different standards.'" (*People v. Simmons* (2021) 65 Cal.App.5th 739, 747-748, review granted Sept. 1, 2021, S270048.)

*Conclusion*

A petitioner is entitled to relief only if "[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019 [by S.B. 1437]." (§ 1170.95, subd. (a)(3).) The *Banks/Clark* clarification of "reckless indifference to human life" and "major participant" became effective long before January 1, 2019. *Banks* was decided in 2015; *Clark* was decided in 2016. S.B. 1437's changes to sections 188 and 189 had no impact on the prior *Banks/Clark* clarification. The language of section 1170.95, subdivision (a)(3) is clear on its face – the petitioner is eligible for relief only if he could not be convicted of murder because of statutory changes "made effective January 1, 2019," not because of the Supreme Court's clarification of the law prior to January 1, 2019.

As explained above, appellant has a remedy for a special circumstance finding that is not supported by substantial evidence under the *Banks*/*Clark* clarification. His remedy is to file a petition for a writ of habeas corpus. We need not stretch

the language of section 1170.95 beyond its plain and ordinary meaning to provide an additional remedy.[3]

Accordingly, "[w]e . . . conclude [appellant's] special circumstance finding renders him ineligible for relief under section 1170.95 as a matter of law and the trial court properly denied his petition without an evidentiary hearing." (*Jones*, *supra*, 56 Cal.App.5th at p. 485.) "The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved." (*Allison*, *supra*, 55 Cal.App.5th at p. 461.)

*Disposition*

The order denying appellant's petition for relief under section 1170.95 is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

I concur:


GILBERT, P. J.

---

[3] Because of the habeas corpus remedy, we reject appellant's claim that the summary denial of his petition violated his federal and state constitutional rights to due process.

11

TANGEMAN, J., Dissenting:

I respectfully dissent. Appellant's petition presents the question of whether he is categorically ineligible for Penal Code section 1170.95[1] relief *as a matter of law* based on the jury's special circumstance finding predating the *Banks* and *Clark*[2] decisions. Courts of Appeal have split on this question, which is pending review in our Supreme Court.[3] The majority here follows the view that *Banks* and *Clark* are of no consequence in the context of section 1170.95. I conclude that those cases that reach the opposite conclusion are more persuasive.

Regardless of whether one concludes that our Supreme Court *modified* the requirements for first degree murder culpability based on a special circumstance finding, or merely *clarified* existing law when it decided those cases, one result is inescapable: the pathway to such culpability was *narrowed*. "While it is true that the language of section 189, subdivision (e)(3) tracks language that has always been a part of section 190.2, subdivision (d), *Banks* and *Clark* placed new limits on its meaning." (*People v. Secrease* (2021) 63 Cal.App.5th 231, 254, review granted June 30, 2021, S268862.) Thus, by any definition, or under any analysis, fewer people were, and are, culpable for first degree murder after *Banks* and *Clark* were decided than

---

[1] Unlabeled statutory references are to the Penal Code.

[2] *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*); *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

[3] *People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.] 2020 WL 7417057, review granted Mar. 10, 2021, S266606.

1

before. The question posed here is whether appellant is one of them.

For those reasons expressed in *People v. Arias* (2021) 66 Cal.App.5th 987, review granted Sept. 29, 2021, S270555, and *People v. Secrease*, *supra*, 63 Cal.App.5th at pp. 249-254, review granted,[4] I am persuaded that a felony murder special circumstance finding predating the *Banks* and *Clark* decisions does not automatically render 1170.95 petitioners ineligible for relief.

Nor am I persuaded that petitioners like appellant should be compelled to seek habeas relief as a precondition to seeking 1170.95 relief. Nowhere does the statute mention such a requirement, nor is its availability conditioned on whether other potential remedies are unavailable. It is not our function as courts to impose this procedural requirement when the statute itself does not do so.

Moreover, the suggested habeas remedy is largely illusory. Habeas petitions can be denied outright if deemed """"successive"""" (see, e.g., *In re Reno* (2012) 55 Cal.4th 428, 501) or "untimely" (*id.* at p. 463), without any review of the merits. More significantly,

---

[4] See also *People v. Wilson* (2021) 69 Cal.App.5th 665; *People v. Pineda* (2021) 66 Cal.App.5th 792, review granted Sept. 29, 2021, S270513; *People v. Gonzalez* (2021) 65 Cal.App.5th 420, review granted Aug. 18, 2021, S269792; *People v. Harris* (2021) 60 Cal.App.5th 939, 956-958, review granted April 28, 2021, S267802; *People v. York* (2020) 54 Cal.App.5th 250, 259-261, review granted Nov. 18, 2020, S264954; *People v. Smith* (2020) 49 Cal.App.5th 85, 93-94, review granted July 22, 2020, S262835; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1179-1180, review granted Jun. 24, 2020, S262011.

in reviewing such a challenge to a special circumstance finding, only undisputed facts can be considered (see, e.g., *In re Scoggins* (2020) 9 Cal.5th 667), whereas section 1170.95, subdivision (d)(3) allows for new and additional evidence. Because "[d]etermining a defendant's culpability under the special circumstances statute requires a fact-intensive, individualized inquiry" (*In re Scoggins*, at p. 683), this difference in the proof allowed in habeas proceedings and 1170.95 proceedings could prove to be determinative. In short, imposing a habeas requirement, with its numerous procedural and technical obstacles, would defeat the legislative intent behind section 1170.95, with its call for prompt, abbreviated, and straightforward evidentiary proceedings.

In my opinion, the trial court erred when it denied appellant his opportunity to prove that he is among those the Legislature intended to benefit with passage of section 1170.95. I would therefore reverse and remand for an evidentiary hearing on his eligibility for relief.

NOT TO BE PUBLISHED.


TANGEMAN, J.

Rogelio G. Delgado, Judge

Superior Court County of Los Angeles

_____

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, David E. Madeo, Charles S. Lee, Douglas Wilson, Deputy Attorneys General, for Plaintiff and Respondent.